**James Dow VANDIVERE,
Petitioner–Appellant,**

v.

**Harley LAPPIN, Director, Federal
Bureau of Prisons, Respondent–
Appellee.**

No. 05–20064
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

James Dow Vandivere, Bennettsville,
SC, pro se.

Before DAVIS, SMITH, and WIENER,
Circuit Judges.

PER CURIAM: *

James Dow Vandivere, federal prisoner
# 99078–011, is serving a 235–month pris-
on term, imposed in the Northern District
of California, for federal crimes related to
child pornography and the sexual exploita-
tion of children. Vandivere appeals the
dismissal in the Southern District of Texas
of his petition for habeas corpus filed un-
der 28 U.S.C. § 2241.

Because Vandivere's claims pertain to
the validity of his conviction and sentence,
the district court properly construed his
application as a 28 U.S.C. § 2255 motion.
*See Tolliver v. Dobre,* 211 F.3d 876, 877
(5th Cir.2000); *see also Reyes–Requena v.
United States,* 243 F.3d 893, 901 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be

2001). The district court of the Southern
District of Texas lacked jurisdiction over
the § 2255 motion that challenged a sen-
tence imposed in the Northern District of
California. *See* § 2255. The judgment of
district court is AFFIRMED.

All outstanding motions are DENIED.

**Raymon Charles COX, Plaintiff–
Appellant,**

v.

**David GUINN, Jr., Attorney at law; Ste-
nographer Recorder; Mark Snodgrass,
Attorney at Law; Nick Moutos, State
Prosecutor, Defendants–Appellees.**

No. 05–11439
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

Raymon Charles Cox, Spur, TX, pro se.

Before DAVIS, SMITH, and WIENER,
Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Raymon Charles Cox, federal prisoner # 31902–177, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit as frivolous. Cox reiterates the arguments that he raised in the district court concerning events that occurred in connection with criminal proceedings against him.

Cox has failed to show that the district court abused its discretion by dismissing his suit as frivolous. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). As the district court concluded, Cox's claims against the attorney defendants are unavailing because they are not state actors. *See Resident Council v. United States Dep't of Hous. and Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.1993). His claims against the judge and prosecutor fail because these parties enjoy immunity from suit in connection with the performance of their official duties. *See Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir.1995). Finally, his claim against the court reporter lacks merit because Cox has not shown that this defendant infringed his constitutional rights. *See Resident Council*, 980 F.2d at 1050.

This appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Cox's 42 U.S.C. § 1983 complaint and the dismissal of the appeal as frivolous count as two strikes under the three-strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir.

1996). Cox is cautioned that if he accumulates a third strike under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

**Roberto MARTINEZ, Petitioner–Appellant,**

v.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.